UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JOHN FLYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 04-1928 (RJL) |
| ) | |
| JOCANZ, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(March 28, 2007) [#8]

The International Union of Bricklayers and Allied Craftworkers (the "Union") and John Flynn, *et al*, as trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the International Masonry Institute ("IMI") have sued Jocanz Incorporated pursuant to the Employee Retirement Income Security Act ("ERISA") as amended, 29 U.S.C. § 1145 seeking, *inter alia*, to collect employer contributions to the Union's pension fund. This matter is now before the Court on plaintiff's Motion for Entry of Default Judgment. Upon due consideration of the materials before the Court and the entire record herein, plaintiff's Motion is GRANTED.

### ANALYSIS

Plaintiff filed the Complaint in this matter on November 5, 2004. Defendants were duly served, but they have failed to file a responsive pleading. As a result, the Clerk of the Court entered its default against defendants on March 17, 2005. Plaintiff now moves this

Court to enter a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

A court is empowered to enter a default judgment against a defendant who fails to defend its case. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 (D.C. Cir. 1980). Rule 55(b)(2) authorizes the Court to enter a default judgment against the defendant for the amount claimed plus costs. While modern courts do not favor default judgments, they are certainly available "when the adversary process has been halted because of an essentially unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980).

A default judgment establishes the defaulting party's liability for every well-pled allegation in the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (noting that the court may conduct a hearing on the issue of damages pursuant to Federal Rule of Civil Procedure 55(b)(2), but it need not do so if there is "a basis for the damages specified in the default judgment").

The first issue before the Court in this case is the amount of damages owed by defendants to plaintiff. Plaintiff seeks damages in the amount of $185,933.50. (Pl.'s Mot.

Entry Default J. at 1.) In support of this figure, plaintiff has submitted affidavits from David Stupar, the Executive Director of the IPF (*see* Pl.'s Ex. A[1]), and Ira Mitzner, counsel of record to plaintiff (*see* Pl.'s Ex. B), each setting forth with specificity the calculations used to reach this amount. The damage figure provided by plaintiff reflects delinquent contributions and dues checkoff for work performed pursuant to the Collective Bargaining Agreement between July 2003 and December 2006, as well as interest, fees, and costs that the plaintiff is entitled to collect under ERISA. Pl.'s Ex. A, p. 4-5.

Based upon these affidavits, and the entire record herein, the Court agrees with the damage calculations submitted by the plaintiff. Accordingly, the Court concludes that the following damages should be paid to plaintiff:

- $105,496.70 for unpaid contributions due to the IPF and IMI for work preformed pursuant to the Collective Bargaining Agreement between July 2003 and December 2006;

- $27,740.24 for interest payable on the delinquent contributions, calculated at 15 percent per annum as set forth in the Collection Procedures of the Bricklayers and Allied Craftworkers (attached to Ex. A as Ex. 1);

- $27,740.24 for additional interest assessed on the delinquent contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii);

- $16,402.98 for dues checkoff due the Union for work performed pursuant to the Collective Bargaining Agreement;

- $4,228.99 for interest on dues checkoff due the Union;

- $150.00 for the filing fee

- $136.85 for the process server's fee

---

[1] All citations to "Pl.'s Ex. X" refer to exhibits attached to plaintiff's Motion for Entry of Default Judgment.

3

- $4,037.50 for attorney's fees incurred

The second issue before the Court is the injunctive relief that plaintiffs request. Plaintiff asks that defendants be "directed to comply with its obligations to report and to contribute to the IPF, IMI and BAC all additional reports, contributions, and dues checkoff money due and owing" under the Collective Bargaining Agreement Compl. ¶ 4). Among the powers that Congress delegated to district courts in ERISA actions involving delinquent contributions is not only the power to award the plan, *inter alia*, unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees, and/or litigation costs, *see* 29 U.S.C. § 1132(g)(2)(A)-(D), but the broad discretionary power to award fiduciary plaintiffs "such other legal or equitable relief as the court deems appropriate," 29 U.S.C. § 1132(g)(2)(E). Having evaluated the relevant law and examined the declarations and other submissions provided by the plaintiffs in conjunction with their Motion, the Court concludes that plaintiffs' requested relief is in fact appropriate. Thus, pursuant to the discretionary authority granted it under 29 U.S.C. § 1132(g)(2)(E), the Court GRANTS this aspect of plaintiffs' requested relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Motion for Default

Judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued herewith.

                                                            */s/ Richard J. Leon*
                                              RICHARD J. LEON
                                              United States District Judge